UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:15-CV-246 TLS |
| | ) | |
| HUNTINGTON COUNTY SHERIFF, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

James Carter, a *pro se* prisoner housed in the Huntington County Jail, filed a Complaint [ECF No. 1] and a Motion for Emergency Injunction [ECF No. 2] on September 3, 2015. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotation marks and citations omitted). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an

imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

In the Complaint, Carter raises two claims. He alleges that he is being denied access to "a law library and the ability to communicate with the courts necessary to defend himself in criminal cases." (ECF No. 1 at 3.) However, there is no "abstract, freestanding right to a law library [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Therefore, the mere inadequacy of the Huntington County Jail Law Library does not state a claim. Though he states that he needs access to the law library because he "is representing himself in two criminal cases," (ECF No. 1 at 3), he has not alleged that he has suffered any actual injury in either case as a result. Therefore, he has not stated a claim based on being denied access to the law library.

Neither has he stated a claim for denial of access to the courts. As the Seventh Circuit has explained, "[t]he right of access to the courts protects prisoners from being shut out of court; it does not exist to enable the prisoner to litigate effectively once in court." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (internal quotation marks, citations, and ellipsis omitted). Though Carter did not provide the cause numbers of either of his State criminal proceedings, the official docket sheets for his two pending criminal cases are available online. *See* Odyssey Case Management System, (Sept. 4, 2015), http://mycase.in.gov/default.aspx. In *State v. Carter*, 35D01-0405-FD-134, he was charged with Obstruction of Justice and Invasion of Privacy. In *State v. Carter*, 35D01-1508-F6-184, he was charged with Perjury. In these cases, he has appeared in court on May 18, 2015; May 26, 2015; June 2, 2015; June 30, 2015; August 4, 2015;

August 14, 2015; September 1, 2015; and September 2, 2015. He has also filed correspondence on July 17, 2015; a motion to dismiss on August 17, 2015; a motion for release on August 17, 2015; and a motion to recuse on August 31, 2015. Moreover, he has court appearances scheduled on September 15, 2015; September 29, 2015; October 6, 2015; and November 5, 2015. In addition, he wrote to this court. Clearly he has not and is not being denied access to the courts.

Though the Complaint can be read to allege that his access to the courts has been delayed on occasion, that does not state a claim. By comparison, the allegations in *Nitz v. Hall*, 473 Fed. Appx. 513 (7th Cir. 2012), were much more far ranging, and yet Nitz did not state a claim. He alleged that prison officials confiscated:

> at least four DVDs depicting video surveillance related to his criminal cases. According to the complaint, Nitz informed prison employees that he needed the DVDs to proceed in the pending litigation, but the employees took the DVDs as contraband and refused to provide accurate "shakedown slips" inventorying the number of DVDs taken. As a result of the employees' actions, Nitz says, his petition for review of his state criminal conviction was denied; his civil case in *Nitz v. Harvey* was dismissed; summary judgment was granted for two defendants in *Nitz v. Doe*; and his social security disability appeal was denied. He further alleged that prison employees intentionally "messed up" legal copies by copying only one side of two-sided documents and refused to provide him with the original materials; that prison grievance officers "refused to investigate" grievances he had filed against prison library staff; and that his former parole officer thwarted his success in his criminal and civil cases by neither testifying on his behalf nor providing exculpatory evidence.

*Id.* at 514 (citations omitted).

> He alleged that the prison prevented him from effectively litigating actions that were pending, but the right of access protects prisoners from "being shut out of court," *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); it does not exist to "enable the prisoners . . . to litigate *effectively* once in court," *Lewis*, 518 U.S. at 354 (emphasis in original).

*Id.* at 515 (emphasis in original, parallel and string citation omitted). Though these allegations do not state a civil claim for monetary damages, Carter can present them to the State criminal court if he believes that he is being denied his constitutional right to defend himself. If he is convicted after having been denied his constitutional rights to defend himself, he can raise these issues on appeal. Ultimately, after he has presented them to the Indiana Supreme Court, he could file a federal habeas corpus petition challenging those convictions. However, the claims here do not state a claim and will be dismissed.

In his other claim, Carter alleges that he is "in agonizing pain," (ECF No. 1 at 3), and has been denied "medical treatment for one or more serious illnesses," (ECF No. 1 at 2). In his Motion for Emergency Injunction, he further explains that he has pancreatitis[1] and severe depression. He "fears he may have a brain tumor or other disease that is not being treated." (ECF No. 2 at 1.) He states that these illnesses, if untreated, may cause his death or suicide at some time in the future. It appears that Carter is a pretrial detainee and that his claims arise under the Fourteenth Amendment. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Bell*,

---

[1] "Pancreatitis is inflammation of the pancreas. It happens when digestive enzymes start digesting the pancreas itself. Pancreatitis can be acute or chronic. Either form is serious and can lead to complications." MedlinePlus, U.S. National Library of Medicine, National Institutes of Health (Sept. 4, 2015), https://www.nlm.nih.gov/medlineplus/pandcreatitis.html.

441 U.S. at 561). However, when judging what is rationally related or what is excessive, "prison administrators [are] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547. Here, Carter's allegation that he has been denied any medical treatment for serious medical needs plausibly alleges that the denial of medical treatment is excessive and not rationally related to a legitimate nonpunitive governmental purpose.

Carter seeks both monetary damages and injunctive relief from five defendants: State of Indiana, Huntington County District Attorney, Huntington County, Huntington County Sheriff, and Huntington County Jail. However, only one of these is an appropriate defendant in this case. The State of Indiana has immunity from suit in federal court pursuant to the Eleventh Amendment.[2] The Huntington County District Attorney is not a proper defendant because even if Carter personally notified the Prosecuting Attorney, merely writing to a public official is not a basis for liability.

> [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does

---

[2] There are three exceptions to Eleventh Amendment immunity: (1) suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment; (2) individuals may sue a state directly if Congress has abrogated the state's immunity from suit; and (3) individuals may sue the state if the state waived its sovereign immunity and consented to suit in federal court. *MCI Telecomm. Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions to Eleventh Amendment immunity apply in this case. First, though a state official can be sued for injunctive relief, the state itself cannot. *Id.* Second, State immunity was not abrogated by the enactment of Section 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Third, Indiana has not consented to this lawsuit.

>not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (citation omitted). Neither is Huntington County a proper defendant. Though lawsuits against municipalities can be based on a policy, practice, or custom, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the county government "is not responsible for administering the manner of an inmate's incarceration." *Weatherholt v. Spencer Cnty.*, 639 N.E.2d 354, 356 (Ind. Ct. App. 1994). Finally, the Huntington County Jail is not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (noting that the jail is a building, which could not be sued) Therefore, these four defendants must be dismissed. However, "it is the sheriff who is charged with a statutory duty to administer the jail in a manner which preserves the safety of inmates." *Weatherholt*, 639 N.E.2d at 356; *see also* Ind. Code § 36–2–13–5(a)(7). Therefore, Carter will be granted leave to proceed against the Huntington County Sheriff in an individual capacity for monetary damages and in an official capacity for injunctive relief.

The injunctive relief sought by Carter is to either be taken to the hospital or released from the jail. However, release is not a possible remedy in this case because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). As for being taken to the hospital, the constitution requires that inmates receive adequate medical care, but it does not specify where that care is administered. Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (internal quotation marks, brackets, and citations omitted).

Finally, Carter seeks an emergency injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis omitted). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Obtaining a temporary restraining order without prior notice to the adverse party requires the movant to satisfy an even higher standard, by showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Here, Carter has not met this burden. Though he states that he is in agonizing pain and might die without immediate medical attention, he signed the Complaint and the motion on August 25, 2015. Since then he has personally appeared in the Huntington Superior Court twice: September 1, 2015, and September 2, 2015. The Court concludes that if his condition were as grave as could be imagined merely by reading his filings, it would have been

obvious to the Huntington Superior Court because Carter would not have been able to function during those hearings. Therefore, the emergency motion will be denied. Nevertheless, because of the seriousness of the allegations, the Huntington County Sheriff will be ordered to file a report about Carter's medical condition and what treatment he has received since he arrived at the jail earlier this year.

For the foregoing reasons, the Court:

(1) **GRANTS** James Carter leave to proceed against the Huntington County Sheriff in his individual capacity for compensatory and punitive damages for denying him medical treatment in violation of the Fourteenth Amendment;

(2) **GRANTS** James Carter leave to proceed against the Huntington County Sheriff in his official capacity for injunctive relief to obtain medical treatment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** State of Indiana, Huntington County District Attorney, Huntington County, and Huntington County Jail;

(5) **DIRECTS** the Clerk to transmit the summons and USM-285 forms for the Huntington County Sheriff to the United States Marshals Service along with a copy of the Complaint (ECF No. 1), the motion (ECF No. 2) and this Order;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on the Huntington County Sheriff by September 14, 2015;

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that the Huntington County Sheriff respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order; and

(8) **ORDERS** the Huntington County Sheriff to serve on James Carter and file under seal a report, by September 28, 2015, describing Carter's medical condition and what treatment he has been provided since he arrived at the jail this year, along with copies of his pertinent medical records.

SO ORDERED on September 9, 2015.

                                                   s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT